UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER, LTD., <br><br> Spin Master, <br><br> v. <br><br> E. MISHAN & SONS, INC., <br><br> Defendant. | Case No. 1:19-cv-09035-DLC |

**DEFENDANT E. MISHAN & SONS, INC.'S REPLY MEMORANDUM IN OPPOSITION TO SPIN MASTER'S MOTION FOR A PRELIMINARY INJUNCTION**

A.  **Spin Master Fails to Demonstrate Irreparable Harm**

Spin Master initially asserted irreparable harm based on lost sales and price erosion. (Dkt. 18 at 16-18.) Likely realizing that these harms are compensable by monetary damages, Spin Master now also asserts loss of market share. (Dkt. 41 at 16.) "[L]ost market share must be proven (or at least substantiated with some evidence) in order for it to support entry of a preliminary injunction, because granting preliminary injunctions on the basis of speculative loss of market share would result in granting injunctions 'in every patent case where the patentee practices the invention.'" *Automated Merch. Sys. v. Crane Co.*, 357 F. App'x 297, 300-301 (Fed. Cir. 2009).

Spin Master fails to describe the market, analyze its market share and explain in any detail how it lost market share. (2d Keller Dec. [1] ¶¶ 17-22.) Without evidence of actual market share, Spin Master cannot demonstrate that it has indeed lost market share, and if so, whether such loss has been caused by Emson. Speculation that market share loss might occur cannot justify the extraordinary relief of a pre-trial injunction. *Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991). As with lost sales and price erosion, Spin Master has not substantiated any harm due to loss of market share.

Spin Master also fails to provide any evidentiary support for its conclusory statements that "price erosion affects . . . future potential products," (2d Keller Dec. ¶ 25), or that "Radical Racers essentially limit Spin Master's ability to pursue business opportunities," *id*. ¶ 27. These allegations are purely speculative and do not warrant any consideration.

Moreover, Spin Master concedes that alleged third-party infringing products have significantly impacted the sale of Zero Gravity products. (2d Keller Dec. ¶¶ 19, 20, 22, 26, 27.)

---

[1]  "2d Keller Dec." refers to the Declaration of Mary Katherine Keller dated November 22, 2019.

Indeed, Keller refers to two sets of 2019 sales projections for the Zero Gravity, *id*. ¶¶ 18-20, and admits Spin Master lowered the first set of projections because of third-party infringing products, *id*., ¶ 19.

Moreover, Spin Master failed to make the requisite showing that any alleged harm is not compensable in monetary damages. *Automated Merchandising Sys.*, 357 Fed. App'x at 301 (plaintiff failed to meet burden of establishing that loss of revenue, loss of market share, and price erosion could not be compensated by monetary damages); *Ill. Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 683 (Fed. Cir. 1990) (potential lost sales revenue is compensable through damages) ("Application of a concept that every patentee is always irreparably harmed by an alleged infringer's pretrial sales would equally disserve the patent system.")

**B.      Substantial Questions Exist With Respect to Infringement and Validity**

Spin Master has not offered any expert on the issue of infringement. Nor has Spin Master provided any test results and/or technical analysis which demonstrates the operation of the Radical Racers. Instead, Spin Master's infringement proof consists simply of a claims chart prepared by Spin Master's attorney. (PX-DEMO-1.) Spin Master refers to attorney argument and claims chart in its original October 30 motion papers as the only support for its infringement claim, (Pl.'s Pre-Tr. Mem. (Dkt. 41) at 8.)

In contrast, Emson submitted a declaration of its expert, Professor Amir Hirsa, who demonstrates that Emson's Radical Racers use vacuum pressure for increasing downforce toward the surface. (Hirsa Dec. ¶¶ 12-27 & Figs. 1-8.) Professor Hirsa conducted tests of the Radical Racers to reach his conclusions. The fact that the Radical Racers work by vacuum pressure is determinative on the issue of infringement because the '897 patentees have disclaimed any

invention of a toy vehicle which works by vacuum pressure. (Def.'s Mem. Opp. (Dkt. 43) at 8-9, 13-16.) Thus, the Radical Racers cannot infringe the Asserted Claims.

Spin Master's motion for preliminary injunction is limited to a single Radical Racers model, 2707FEB(1).[2] Emson identified five models to Spin Master during expedited discovery: 2707FEC, 2707FEB(1), 2707FEB(2), 2707FEBN and 2707FECN. Neither Spin Master's October 30 submissions nor its November 22 submissions accuse any other Radical Racers model of infringement. Spin Master's claims chart displays only Radical Racers model 2707FEB(1). Spin Master has not provided any evidence and/or argument that the other Radical Racers models infringe the Asserted Claims. Thus, only model 2707FEB(1) is at issue in this motion.

Spin Master misrepresents the legal standard for invalidity at this stage to be "clear and convincing evidence." (Pl.'s Pre-Tr. Mem. (Dkt. 41) at 11, 13.) This is contrary to *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009) ("the alleged infringer at the preliminary injunction stage <u>does not need to prove invalidity by the 'clear and convincing' standard</u>") (emphasis added). The standard is whether there is a "substantial question" concerning validity, which means that "the alleged infringer has presented an invalidity defense that the patentee has <u>not</u> shown lacks substantial merit." *Id*. (emphasis added).

Thus, Spin Master has a burden at this stage to refute Emson's invalidity challenge, but has submitted no expert testimony, not even attorney argument, which refutes the significance of the five "pertinent" prior art references previously identified by Emson, (PX 45), and explained by

---

[2] Emson used the designation 2707FEB for two models. They are hereinafter designated (1) and (2) and those designations are added to the model numbers herein. The model accused of infringement in PX-DEMO-1 is the 2707FEB(1). Emson does not have any inventory of 2707FEB(1). (Mishan Dec. ¶ 39.)

Emson's expert Professor Ali Sadegh. Spin Master's silence on the substance of this validity challenge is tantamount to an admission that a substantial question exists.

Spin Master relies on alleged commercial success as evidence of non-obviousness but fails to "bear[] the burden of showing a sufficient nexus between the claimed invention and any objective evidence of nonobviousness." *WesternGeco LLC v. ION Geophysical Corp.*, 889 F.3d 1308, 1330-31 (Fed. Cir. 2018). Spin Master fails to make the threshold showing that its Zero Gravity products are even covered by the Asserted Claims, which is required to show a nexus. *Id*. This omission alone should be fatal to Spin Master's claim of commercial success.

Moreover, Spin Master makes no showing that patented features have driven sales of the Zero Gravity, which is also required. *Id*. "[I]f the commercial success is due to an unclaimed feature of the device, the commercial success is irrelevant." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1312 (Fed. Cir. 2006). None of the Asserted Claims claim a vehicle that travels on the wall or celling. Thus, any alleged commercial success due to the wall/ceiling climbing feature is irrelevant. Furthermore, Spin Master's own admissions show that the alleged success has been driven by its extensive marketing, promotion and public relations efforts, (Keller Dec. (Dkt. 16) ¶¶ 6, 8; 2d Keller Dec. ¶¶ 6-7), and/or other unpatented features such as the light controller, ornamental appearance, light weight and low production cost, (Keller Dec. (Dkt. 16) ¶ 6; Harris Aff. ¶¶ 9, 12). In sum, Spin Master has not shown that the Asserted Claims will likely withstand Emson's validity challenge.

C.  **Spin Master Lacks Standing**

A patent licensee with less than all substantial rights to the patent lacks standing to sue for infringement as a sole plaintiff. *See Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1131-32 (Fed. Cir. 1995). Spin Master asserts it is an exclusive licensee of the asserted patent. (Dkt. 41 at 7.)

However, the terms of the patent license (PX-1) clearly demonstrate that Spin Master does not own all substantial rights under the patent. Under that license, the patent owners / licensors have retained the following substantial rights:

- rights to use and sell the patented product (§§ 30(ii), 1.2(b)) (*see Fieldturf, Inc. v. Sw. Rec. Indus.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004));

- right to assert the patent (§18(b)) (*see Abbott Labs.*, 47 F.3d at 1132);

- right to share in damages (§18(b)) (*see Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 776 F.3d 837, 843 (Fed. Cir. 2015), *overruled with respect to the issue of enhanced damages by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)); and

- right to terminate the license (§14(b)) (*see Propat Int'l Corp. v. RPost US, Inc.*, 473 F.3d 1187, 1191-1192 (Fed. Cir. 2007)).

Spin Master suggests that it cured its lack of standing through an amendment to the license executed after filing this lawsuit. (Dkt. 41 at 7, citing PX-2.) The amendment deleted the licensor's right to enforce the patents. *Id.* However, the amendment cannot retroactively cure Spin Master's lack of standing existing at the filing of the lawsuit. *See Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1384 (Fed. Cir. 2015) ("*nunc pro tunc* assignments are not sufficient to confer retroactive standing"). Therefore, since Spin Master does not own substantially all the patent rights, it lacks standing, and its complaint should be dismissed on such grounds.

## CONCLUSION

For the foregoing reasons, Spin Master's motion for preliminary injunction should be denied in its entirety.

November 27, 2019

Respectfully submitted,

*/s/ Bradley S. Corsello*
John Zaccaria
Alan Federbush
Bradley S. Corsello
Brian J. Doyle

Notaro, Michalos & Zaccaria P.C.
100 Dutch Hill Road, Suite 240
Orangeburg, NY 10962
Telephone: (845) 359-7700
Facsimile: (845) 359-7798

*Attorneys for Defendant E. Mishan & Sons, Inc.*

# CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on November 27, 2019, I electronically filed the foregoing document with the Clerk of the Court for the Southern District of New York using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

      Kevin Ainsworth, Esq.
      Katelyn Crowe, Esq.
      Andrew Skale, Esq.
      Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
      Chrysler Center
      666 Third Ave.
      New York, New York 10017

                                            */s/ Bradley S. Corsello*